## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEON REESE,                              )
                                         )
        Petitioner,                   )
                                         )       Criminal No. 08-16
    vs.                              )       Civil No. 09-709
                                         )       Judge Nora Barry Fischer
UNITED STATES OF AMERICA,                )
                                         )
        Respondent.                   )
                                         )

### MEMORANDUM OPINION

I.      INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("motion") filed by *pro se* Petitioner Deon Reese. (Docket No. 45). Petitioner claims that his sentence should be vacated because his counsel was ineffective, that evidence of his guilt was obtained in violation of his Fourth Amendment rights, and that the Court erred at sentencing. (*Id*.). The Government maintains that Petitioner's motion should be denied as he waived his right to file a motion under 28 U.S.C. § 2255 in a plea agreement with the Government and that his claims otherwise lack merit. (Docket No. 58). Based on the following, the valid waiver in Petitioner's plea agreement will be enforced and, therefore, Petitioner's motion [45] is DENIED.

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 15, 2008, a federal grand jury returned a two-count indictment against Petitioner. (Docket No. 1). The indictment charged him with two counts of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1) as a result of his possession of a .45 caliber

pistol (count one) and .45 caliber ammunition (count two) on February 26, 2007, after previously

sustaining at least two felony convictions for either a crime of violence or a controlled substance

offense. (*Id*.). Thereafter, on July 31, 2008, Petitioner pled guilty to count one of the indictment

pursuant to a written plea agreement with the Government. (Docket No. 25). In addition to

Petitioner's guilty plea to count one, the written plea agreement required him to "acknowledge

responsibility for the conduct charged in Count Two of the Indictment at Criminal No. 08-16," pay

a special assessment to the Clerk of Court, and waive former jeopardy or double jeopardy claims,

post-conviction DNA testing and the preservation of evidence for same. (Docket No. 26). He also

agreed to waive the right to initiate post-conviction proceedings challenging his sentence.

Specifically, the plea agreement provides that:

> Deon Reese waives the right to take a direct appeal from his
> conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742,
> subject to the following exceptions:
>
>> (a) If the United States appeals from the sentence, Deon
>> Reese may take a direct appeal from the sentence.
>>
>> (b) If (1) the sentence exceeds the applicable statutory limits
>> set forth in the United States Code, or (2) the sentence
>> unreasonably exceeds the guideline range determined by the
>> Court under the Sentencing Guidelines, Deon Reese may take
>> a direct appeal from the sentence.
>
> Deon Reese further waives the right to file a motion to vacate
> sentence, under 28 U.S.C. § 2255, attacking his conviction or
> sentence, and the right to file any other collateral proceeding
> attacking his conviction or sentence.

(Docket No. 26 at ¶ A.13). The plea agreement concludes, stating that "[t]his letter sets forth the full

and complete terms and conditions of the agreement between Deon Reese and the United States

Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied." (Docket No. 26 at 6). Further, Petitioner asserted that "I have received this letter from my attorney, David Chontos, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter." The agreement is executed by Deon Reese on 7/31/08 and signed as witnessed by: David Chontos, Esquire, Counsel for Deon Reese. (*Id*. at 7).

A change-of-plea hearing was held before the undersigned on July 31, 2008. During the change-of-plea hearing, the Court directly questioned Petitioner regarding the plea agreement, including whether he had: read the plea agreement; understood its contents; reviewed it with his counsel; asked his counsel any questions about the agreement and if his counsel had answered any such questions; and, affixed his signature to the final page. *Sealed Tr. Plea Hr'g 7/31/09* at 2-3. Petitioner answered affirmatively to all of the Court's questions. (*Id*.). Government counsel then read the salient terms of the plea agreement on the record, specifically stating that the Petitioner agreed to waive his right to file a motion to vacate sentence pursuant to 18 U.S.C. § 2255 and his right to take a direct appeal, subject to limited exceptions. (*Id*. at 3-7). Upon further questioning by the Court, Petitioner asserted that he agreed with the terms of the plea agreement as stated. (*Id*. at 8). The Court then questioned the Petitioner in the following manner.

> The Court:    Mr. Reese, do you understand that, generally, you or the government would have the right to appeal any sentence that this Court may impose, but you've entered into a plea agreement under which you've waived some or all of your appellate rights?

3

[Petitioner]:  Yes, ma'am.

The Court:  Including a right to take a direct appeal under 28, U.S.C. [§] 1291 or 18 U.S.C. [§] 3742 subject to the exceptions that were spelled out in the plea agreement and reviewed by Mr. Ivory.

Further, do you understand that, pursuant to the plea agreement, you've waived you right to file a motion to vacate sentence under Title 28, U.S.C. [§] 2255 and the right to file any other collateral proceeding, including the right to seek post-conviction DNA testing on physical evidence attacking your conviction or sentence.

Accordingly, Mr. Reese, you have limited your rights to an appeal, if any; do you understand all that, sir?

[Petitioner]:  Yes, ma'am.

(*Id*. at 8-9).

At the Court's request, Government counsel then stated the elements of the offense charged at count one and the factual basis supporting Petitioner's plea of guilty to that count. *Tr. Plea 7/31/08* at 13-17.  Petitioner responded affirmatively when questioned if he agreed with the Government's description of his criminal conduct and asserted that he still intended to plead guilty to count one of the indictment.  (*Id*. at 17).  Petitioner's counsel, David Chontos, Esquire, affirmed that the entry of a guilty plea by Petitioner was "absolutely" consistent with his advice.  (*Id*.).  Thereafter, Petitioner stated that he was not forced to plead guilty, that no one had made any predictions or promises that induced him to plead guilty, and that no one had made any kind of a prediction or promise regarding what his actual sentence may be.  (*Id*. at 18).  In response to further questioning by Mr. Chontos and the Court, Petitioner acknowledged that he had discussed the potential application of the sentencing guidelines in his case with counsel, but asserted that neither Mr. Chontos, Government counsel, the

4

Court, nor anyone else had made any promises to him regarding what his actual sentence would be.[1] (*Id.* at 19). Petitioner also stated that he fully understood everything that had been discussed during the change of plea hearing, that he did not have any physical or mental illness which affected his ability to understand the proceedings or affect the voluntary nature of his plea and that he was satisfied in all respects with the advice and representation of Mr. Chontos. (*Id.* at 19). After again being informed of the charge at count one of the indictment, Petitioner changed his plea to guilty, he and Mr. Chontos executed the change of plea form, and the Court accepted Petitioner's guilty plea, specifically finding that his plea was knowingly and voluntarily made. (*Id.* at 20-1; *see also* Docket No. 27).

Prior to sentencing, Petitioner, through counsel, set forth certain objections to the calculation of the guidelines range in the presentence investigation report. Specifically, Petitioner argued the following: (1) that he was not an armed career criminal because his prior felony conviction for "escape" did not constitute a "crime of violence" under *United States v. Chambers*, 555 U.S. —, 129 S.Ct. 687 (2009); (2) that a four-level enhancement for the firearm having an obliterated serial number under Guideline § 2K2.1(b)(4)(B) should not be applied; and (3) that the calculation of his criminal history score under Guideline § 4A1.2(a)(2) should have resulted in the assessment of three criminal history points and not six as calculated by the Probation Office.[2] (Docket No. 34). The Court issued its Tentative Findings and Rulings on March 2, 2009, sustaining Petitioner's objection

[1]

In fact, with regard to his discussions with Mr. Chontos, Petitioner stated at the change of plea hearing that Mr. Chontos "didn't promise me nothing." (*Trans Plea Hr'g 7/31/09* at 19).

[2]

The Court notes that Petitioner, through counsel, filed two motions to continue the date of his sentencing due to the fact that the *Chambers* matter was pending before the United States Supreme Court and said motions were granted by the Court. (*See* Docket Nos. 32, 33, 35, 36).

5

to his classification as an armed career criminal in light of *Chambers* but overruling his other objections. (Docket No. 37). Accordingly, the Court calculated Petitioner's total offense level as 25, his criminal history category as VI, and the applicable advisory guidelines range as 110 to 120 months imprisonment. (*Id*. at ¶ IV.1). At the sentencing hearing on March 12, 2009, the Court heard argument and accepted evidence regarding the applicable guidelines range, and then adopted the guidelines range set forth in its Tentative Findings and Rulings as its final findings and rulings on the facts and guidelines. (Docket No. 54 at 7-15). The Court also heard argument from Petitioner's counsel and Government counsel regarding Petitioner's motion for a variance from the applicable guidelines range. (*Id*. at 16-22). After considering the parties' arguments and permitting Petitioner to exercise his right of allocution, the Court granted the Petitioner's motion for a variance and imposed a sentence of 90 months incarceration and 3 years of supervised release with standard and additional conditions, including that Petitioner complete 240 hours of community service while on supervision. (*Id*. at 22-28). Petitioner did not appeal his sentence to the United States Court of Appeals for the Third Circuit.

Petitioner filed the pending *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 3, 2009. (Docket No. 45). Petitioner claims that his sentence should be vacated, alleging that his counsel was ineffective, evidence of his guilt was obtained in violation of his Fourth Amendment rights and the Court erred at sentencing. (*Id*.). Subsequently, on June 4, 2009, the Court entered an Order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advising Petitioner that all federal constitutional claims must be included in a single habeas corpus petition and of his right to: (1) withdraw the pending petition and file one new, all-inclusive § 2255 petition setting forth every ground which may entitle him to relief from the conviction and sentence,

provided that such motion is filed within the one year statute of limitations; (2) amend the § 2255 petition presently on file with any additional claims or materials within 120 days; or (3) choose to have the petition ruled on as filed.   (Docket No. 46).  Petitioner filed a response to this Order with the Clerk of Court on June 17, 2009, asserting that he wished to proceed with his motion to vacate, as previously filed.  (Docket No. 47).  Thereafter, the Court issued a briefing schedule with respect to the motion to vacate.[3] (Docket No. 48).  After an extension of time was granted by the Court, the Government filed its "Response to Defendant's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence"on August 11, 2009.  (Docket No. 58).  In the interim, on August 3, 2009, the Government filed a motion to unseal the transcript from the change-of-plea hearing for its use in defense of the present motion.  (*See* Docket No. 55).   The Government's motion was granted on August 5, 2009.  (Docket No. 56).  No further briefing has been received by the Court nor requested by the parties.  Accordingly, Petitioner's motion is fully briefed and ripe for disposition.

III.    LEGAL STANDARD

Petitioner filed the instant motion challenging his sentence under 28 U.S.C. § 2255(a), which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

_____

[3]

The Court notes that as a result of Petitioner's claims of ineffective assistance of counsel, Mr. Chontos filed a motion to withdraw as counsel for Petitioner on June 20, 2009.  (Docket No. 49).  Said motion was granted by the Court on June 22, 2009.  (Docket No. 50).

28 U.S.C.A. § 2255.  Thus, a criminal defendant "is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution." *Hernandez v. United States*, Civ. A. No. 07-752, 2008 WL 3843510, at *2 (D.N.J. Aug. 14, 2008).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact.  *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992).  But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing.  *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980).  If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record."  *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).

In order for a district court to correct a criminal defendant's sentence pursuant to a § 2255 motion to vacate, it must find "that . . . judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the [defendant] as to render the judgment vulnerable to collateral attack." *Garcia v. United States*, Crim. A. No. 93-536-03, Civ. A. No. 97-2861, 2008 U.S. Dist. LEXIS 29298, at *4 (D.N.J. Apr. 9, 2008) (internal quotation and citation omitted).  A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief.  *See United States v. Bohn*, Crim. A. No.

8

92-61-02, 1999 U.S. Dist. LEXIS 18522, at *7 (E.D. Pa. Nov. 9, 1999) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

IV.   DISCUSSION

Petitioner filed the instant motion to vacate his sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel, that the evidence against him was obtained in violation of his constitutional rights and that the Court erred at sentencing. (Docket No. 45).   In response, the Government maintains that the Court should dismiss Petitioner's motion because he knowingly and voluntarily waived the right to file a motion to vacate his sentence under 28 U.S.C. § 2255 in his plea agreement with the Government and that enforcement of the waiver would not result in a miscarriage of justice.  (Docket No. 58).

It is well-settled that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry,* 536 F.3d 231, 236 (3d Cir. 2008)(citations omitted).  A criminal defendant may effectively waive the right to file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in a plea agreement with the government. *Mabry*, 536 F.3d at 241; *see also United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001)("[t]he ability to waive statutory rights ... logically flows from the ability to waive constitutional rights.").  The determination of whether the waiver is effective is a threshold issue and, if the waiver is effective, a criminal defendant is jurisdictionally barred from pursuing the habeas petition. *Mabry*, 536 F.3d at 242.  A district court must determine the validity of the waiver by "specifically examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." *Id*. at 237.  A criminal defendant has the initial "burden of presenting

an argument that would render his waiver unknowing or involuntary" but the district court "has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." *Mabry*, 536 F.3d at 237-38 (citing *Khattak*, 273 F.3d at 563).

Here, Petitioner has not set forth any argument in his motion that the waiver of his right to file a motion to vacate under § 2255 in the plea agreement was unknowing or involuntary. (Docket No. 45). In fact, Petitioner states multiple times in his motion that he did not file an appeal of the issues raised therein because he waived the right to appeal said issues in a written plea agreement with the Government, thereby essentially conceding that he is aware of the terms of the plea agreement. (*Id*. at 5-8). Moreover, an examination of the plea agreement and the transcript of the plea colloquy in this case demonstrates that Petitioner's waiver of the right to file a § 2255 motion was knowing and voluntary. *See e.g.,* Docket No. 26; *Tr. Plea Hr'g 7/31/08*; *Sealed Tr. Plea Hr'g 7/31/08.*

The language of the plea agreement is clear and unequivocal, providing, in pertinent part, that "Deon Reese [ ] waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (Docket No. 26 at ¶ A.13). Petitioner and his counsel executed the plea agreement and expressly assented to these terms. (*Id*. at 6-7). At the change-of-plea hearing on July 31, 2009, Petitioner asserted that he was a high school graduate, had obtained an associates degree in business management while previously incarcerated and had also studied cooking and culinary

arts.[4] *Tr. Plea Hr'g 7/31/08* at 4-5.  Petitioner was articulate and appropriate in all of his responses

at the change-of-plea, and given his educational background and demeanor in the courtroom, the

Court found him competent to plead guilty to count one of the indictment.  *Id*. at 5.  The plea

colloquy was also conducted in accordance with Rule 11(b)(1)(N) of the Federal Rules of Criminal

Procedure, which provides that:

> [b]efore the court accepts a plea of guilty ... the defendant may be
> placed under oath, and the court must address the defendant
> personally in open court. During this address, the court must inform
> the defendant of, and determine that the defendant understands ... the
> terms of any plea-agreement provision waiving the right to appeal or
> to collaterally attack the sentence.

FED.R.CRIM.P. 11(b)(1)(N).   In response to the Court's questioning, Petitioner asserted that he had

read the plea agreement, discussed it with his counsel, understood its terms and stated that he agreed

to the terms of the plea agreement.  *Sealed Tr. Plea Hr'g 7/31/08* at 2-3. Government counsel then

read the terms of the plea agreement into the record, including the waiver provisions.  *Id*. at 3-7.

Petitioner agreed that Government counsel had correctly stated the terms of the plea agreement

during this summation.  *Id.* at 8.   The Court next directly questioned Petitioner regarding the

appellate and collateral attack waivers in the plea agreement, clearly apprising him of the effect of

the waiver provisions.[5]  *Id.* at 8-9. In response to this questioning, Petitioner again asserted that he

---

[4]

Petitioner's educational background was similarly reported in the Presentence Investigation
Report ("P.I.R.") dated September 15, 2008.  *See* P.I.R. at ¶¶ 67-69.

[5]

The Court notes that this procedure was employed in response to several decisions of the
United States Court of Appeals for the Third Circuit, including *United States v. Goodson*, 544 F.3d
529, 539 (3d Cir. 2008) and *United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008), which held
that a district court commits plain error in violation of Rule 11(b)(1)(N) when it relies on the
Assistant United States Attorney to recite the terms of a plea agreement in open court instead of
directly addressing the terms of the plea agreement with a criminal defendant.  *See e.g., Jackson v.*

understood that his appellate rights were limited due to the waivers in the agreement.  *Id.* at 9.

Petitioner also stated that he was not forced or coerced into pleading guilty by anyone and that no

one had made any promises to him regarding what the actual sentence imposed by the Court would

be.  *Tr. Plea Hr'g 7/3108* at 18-19.  Petitioner's counsel asserted that pleading guilty was consistent

with his advice and the Court concluded that Petitioner's guilty plea was made knowingly and

voluntarily.  *Id.* at 20-1.  In sum, the evidence of record clearly demonstrates that Petitioner's waiver

of the right to file the instant motion was knowingly and voluntarily made.

The Court also has an affirmative duty to consider "whether enforcement [of the waiver]

would work a miscarriage of justice." *Mabry*, 536 F.3d at 237.  In so doing, the Court must apply

"a common sense approach in determining whether a miscarriage of justice would occur if the waiver

were enforced," and consider "'the clarity of the error, its gravity, its character (e.g., whether it

concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the

defendant, the impact of correcting the error on the government, and the extent to which the

defendant acquiesced in the result.'" *Id*. at 242-43 (citations omitted).  In *Mabry*, the Court of

Appeals cited specific examples of instances that may constitute a miscarriage of justice including

if enforcing a collateral attack waiver would bar a criminal defendant's appeal on grounds expressly

preserved in the plea agreement or if counsel was ineffective in negotiating the very plea agreement

which contained the waiver.  *Id.* at 243 (citing *United States v. Shedrick*, 493 F.3d 292, 303 (3d Cir.

*United States*, Crim. No. 04-299, 2008 WL 5429695 (W.D.Pa. Dec. 30, 2008)(finding plain error
by the district court in violation of Rule 11(b)(1)(N)); *Scales v. United States*, 2008 WL 5114267
(W.D.Pa. Nov. 25, 2008)(same); *Walker v. United States*, 2009 WL 2473991 (W.D.Pa. Aug. 12,
2009)(same); *United States v. Stabile*, Crim. No. 07-148, 2009 WL 1137905 (W.D.Pa. Apr. 27,
2009)(same); *United States v. Williams*, Crim. No. 06-246, 2009 WL 2246154 (W.D.Pa. July 26,
2009)(same).

2007); *United States v. Wilson*, 429 F.3d 455 (3d Cir. 2005)).

The waivers agreed to by Petitioner in this case were broad and encompassed any challenge to his sentence by filing a motion to vacate and limited his right to file a direct appeal subject to narrow exceptions, i.e., if the United States appealed the sentence or conviction, if his sentence exceeded the statutory limits set forth in the United States Code or "if the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines." (Docket No. 26). None of the exceptions to the plea agreement are applicable here as Petitioner's sentence of 90 months was twenty months *below* the applicable guidelines range (110-120 months), was beneath the statutory maximum of 120 months imprisonment, and was not appealed by the United States. As a result, enforcing the waiver at this stage would not prevent Petitioner from pursuing a claim that had been expressly preserved for appeal. Further, Petitioner does not claim that his counsel was ineffective in negotiating the plea agreement at issue. Moreover, like the defendant in *Mabry*, Petitioner has "not identified any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack" in his motion.[6] *Mabry*, 536 at 243. Therefore, "enforcing the waiver is in line with justice, not a miscarriage of it," and the Court will not exercise jurisdiction over Petitioner's

---

[6] Instead, Petitioner has advanced the following arguments: (1) that his counsel was ineffective by failing to file a motion for a detention hearing and a motion to suppress evidence as well as by promising Petitioner that he would receive a sentence of eighty months incarceration and by initially advising Petitioner that the Government would file a 5K1.1 motion prior to sentencing but later explaining that such a motion would be filed after sentencing; (2) that the evidence against him (the .45 caliber pistol) was obtained in violation of his Fourth Amendment rights; and (3) that the Court erred by applying a four-level enhancement for an obliterated serial number in calculating the applicable guidelines range. (Docket No. 45). While the valid waiver in Petitioner's plea agreement prevents this Court from entertaining the merits of Petitioner's arguments, the Court agrees with the Government's conclusion that none of Petitioner's claims are meritorious. (*See* Docket No. 58 at 9-20).

13

claims as he knowingly and voluntarily waived his right to file the instant motion and enforcing the

plea agreement would not result in a miscarriage of justice.  *Id*. at 244.  Accordingly, the Court

enforces the terms of the plea agreement and denies Petitioner's motion.

V.      CERTIFICATE OF APPEALABILITY

Further, as Petitioner has waived his right to file the present motion, and the Court has

declined to consider the merits of same, he has not demonstrated a "substantial showing of the denial

of a constitutional right" as required under 28 U.S.C. § 2253(c)(2), and the Court finds that he is not

entitled to a certificate of appealability on any of the claims asserted in his motion.

VI.     CONCLUSION

Based on the foregoing, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under

28 U.S.C. § 2255 [45] is hereby DENIED.  An appropriate Order follows.


                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        United States District Judge



Dated:  October 13, 2009

cc/ecf:  All counsel of record

cc:      Deon Reese, 09997-068
         U.S.P. Hazelton
         P.O. Box 2000
         Bruceton Mills, WV 26525


14